Bouldin, J.
delivered the opinion of the court.
In September 1866, Madison T. Smith, as trustee for the children of Adeline M. Smith, obtained a judgment by. default in the Circuit court of Patrick county, against Jackson Penn and G. M. Hylton for $4,210, with interest thereon from the 5th of January 1864, until paid, and costs, on a bond executed for the purchase of slaves on the 5th day of January 1863.
*403 After this judgment was obtained, Penn employed «counsel to' proceed by motion to have this judgment scaled. It will be observed, however, that the judgment had been rendered more than sis months after the passage of the act of the General Assembly for the adjustment of Confederate liabilities, known as the scaling act, and it was not then known—nor has it yet been directly decided—whether any relief could be afforded to a party who, in the absence of fraud, accident or surprise, or other equity, had allowed a judgment to be rendered against him without availing himself of the benefit of the statute. Under these circumstances, the counsel for the defendants prepared a notice for a motion to scale said judgment, which he showed to the counsel for the plaintiff; and thereupon, without service of said notice, and to avoid litigation, it was agreed between said counsel, by the authority and with the consent and approbation of both parties, that the question of difference between them should be adjusted by scaling the judgment as of the date of the contract. The calculation was made, and accurately made, by the counsel of the defendant, Penn, in the presence of the plaintiff" and his counsel. The amount of the judgment was reduced to the sum of $1,403.33 of principal, being just one-third of the nominal debt; and by consent of parties, it was entered of record that the judgment should be discharged by the payment of that sum, with interest from the 5th of January 1864, until paid, and the costs. This was deemed at the time a final settlement of the question; but afterwards, to wit: on the 14th day of December 1868, when it was supposed that a new and different construction of the scaling act from that which had previously prevailed had been established, the said Penn filed his bill in the Circuit court of Patrick county, on the chancery side thereof, alleging that there had been a mistake of law in the adjustment aforesaid, by scaling the judgment at the date of the contract, instead of the *404 maturity thereof, and praying an injunction to the judgment, and that the same be again scaled, &c., &c.
The injunction was awarded, the cause regularly matured and heard, and the debt again scaled to $210, instead of $1,403.33J; and the defendant having already paid more than $210, the Circuit court rendered a decree-in his favor for $26.50, the excess of payments, with interest and costs. From that decree Smith appealed to this court.
The only ground of equity alleged in the bill for disturbing the adjustment solemnly entered into between the parties, aided by counsel on both sides, is that there was a mistake of law in scaling the debt as of the date of the contract, instead of the maturity thereof. Whether this be a mistake of law or not, may perhaps be considered a question of some doubt; but as that question does not necessarily arise in this case, no opinion thereon will be now expressed. The differences between the parties involved other questions ; and it is enough to say, that the parties themselves, with the aid of counsel, have carefully and deliberately adjusted these differences, and made a settlement deemed just and reasonable by themselves at the time, and deemed just and reasonable-now by this court; and even had they fallen into a mistake of law, it was not such a mistake as equity should have relieved against. The questions involved in the adjustment were at the time, to say the least of them, doubtful questions ; and it is well settled that “if the question be a doubtful one, and the doubtfulness of that'question is made the basis of an arrangement or agreement, the court will give no relief.” Adams’ Eq., top p. 444, marg. 189.
We are of opinion, therefore, that the decree of the Circuit court is erroneous, and that the same should be reversed, the injunction dissolved, and the bill dismissed.
Decree reversed.